IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHERIDAN THOMAS, MIRANDA MELSON, JANE DOE 1, JANE DOE 2, SYDNEY BRUN-OZUNA, JANE DOE 3, JANE DOE 4, JANE DOE 5, OTHER UNIDENTIFIED FEMALE DOES, and CAPRI DAVIS, | 4:20CV3081 |
| Plaintiffs, | ORDER |
| v. | |
| BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA; PETE JEYARAM, in his individual capacity; LAURIE BELLOWS, in her individual capacity; JAKE JOHNSON, in his individual capacity; MATTHEW HECKER, in his individual capacity; TAMIKO STRICKMAN, in her individual capacity; JEFF LAMOUREAUX, in his individual capacity; MEAGAN COUNLEY, in her individual capacity; RYAN FETTE, in his individual capacity; BRIANA PALLAS-SEARS, in her individual capacity; SUE KELLY MOORE, in her individual capacity; SANDRA CHAVEZ, in her individual capacity; JAMIE PEER, in her individual capacity; and OTHER UNIDENTIFIED DEFENDANTS, | |
| Defendants. | |

    The plaintiffs[1] in this case are nine female students or former students that attended the University of Nebraska at Lincoln ("UNL"). They all assert they were either sexually

---

[1] Many of the plaintiffs have filed suit under the pseudonym "Jane Doe." Although there is a strong presumption against using pseudonyms, it may be allowed if the plaintiff can "demonstrate 'exceptional circumstances' that outweigh both the public policy in favor

assaulted or sexually harassed by male students and brought, or attempted to bring, complaints to the UNL Title IX office. The plaintiffs brought this lawsuit against the Board of Regents of UNL and various personnel[2] in the Title IX office at UNL, asserting numerous failures of UNL and its Title IX office regarding the handling of plaintiffs' complaints and the reporting process in general.

Now before the Court is the defendants' Motion to Dismiss and to Sever (Filing No. 40), asking the Court to dismiss all the plaintiffs' claims, or alternatively, to sever any remaining claims. The plaintiffs oppose (Filing No. 44) dismissal as to Count I, for "Deliberate Indifference to Sex Discrimination" under Title IX; Count II, for "Retaliation by Withholding Protection Otherwise Conferred by Title IX"; and Count V, for "Denial of Equal Protection" under 42 U.S.C. § 1983 and the Fourteenth Amendment. They also oppose severance. The plaintiffs consent to dismissal of Counts III, IV, VI, VII, VIII, IX, and X, so those claims are dismissed.

The Court has thoroughly reviewed the Second Amended Complaint (Filing No. 29), the briefs submitted by the parties, and the government's Statement of Interest (Filing No. 47).[3] The Court appreciates the government's analysis, but the Court is not convinced the plaintiffs' factual allegations and legal theories align with those set forth in the government's statement of interest.

---

of identified parties and the prejudice to the opposing party that would result from anonymity." *Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016) (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)). Although the plaintiffs have not yet addressed this issue, the Court will allow the plaintiffs to use pseudonyms at this stage of proceedings, noting allegations of sexual assault or sexual harassment can be "sensitive and highly personal." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

[2]The plaintiffs originally brought suit against the named defendants in both their individual and official capacities, but only individual capacity claims remain.

[3]The government submitted a statement of interest pursuant to 28 U.S.C. § 517, asserting they have a "significant interest in the proper interpretation of Title IX in ensuring that federally funded schools meet their Title IX obligations."

For instance, as to the plaintiffs' claim for "Deliberate Indifference to Sex Discrimination," the government applies *Davis v. Monroe County Board of Education*, 526 U.S. 629 (1999). *Davis* is the leading United States Supreme Court case addressing student-on-student harassment under Title IX and stands for the proposition that a funding recipient may be liable in damages if "its deliberate indifference 'subject[s]' its students to harassment. That is, the deliberate indifference must, at a minimum, 'cause students to undergo' harassment or 'make them liable or vulnerable' to it." *Id.* at 526 U.S. 644-45. Applying *Davis* and its progeny, the government articulates two post-assault legal theories under which it believes the plaintiffs assert claims. The government opines plaintiffs Jane Doe 1, Jane Doe 2, Jane Doe 3, Capri Davis, Jane Doe 4, and Jane Doe 5 "allege post-report peer harassment" "under *Davis's* 'cause to undergo' prong" and plaintiffs Sheridan Thomas, Miranda Melson, and Sydney Brun-Ozuna allege claims "under *Davis's* 'make vulnerable' prong." The plaintiffs do not sufficiently articulate those legal theories or categorize themselves in that same way.[4]

The government (and UNL) also analyze deliberate-indifference and retaliation claims under Title IX for each plaintiff, but the plaintiffs do not. They ask the Court to look at their allegations "as a whole." In the plaintiffs' brief addressing "Counts I and II: Title IX claims," they make generalized arguments that apply to the plaintiffs as a group.[5] For example, the plaintiffs argue "[t]he deliberate indifference in this case is the pattern of repeated failures inherent in [UNL]'s faulty Title IX response process" and state "the entire basis of Plaintiffs' Complaint is that they were systemically denied their Title IX and constitutional rights by [UNL]." Those types of allegations appear to align more closely

---

[4]The plaintiffs appear to assert both pre-assault and post-assault theories under Title IX. They allege UNL failed to "properly *prevent*" and "*protect*" them from sexual assault and that they "were subjected to deliberate indifference to their complaints by [UNL] *after reporting* the sex-based assault."

[5]This is consistent with the plaintiffs' argument against severance, in which they assert "all Plaintiffs were injured by Defendants' systemic failure to meet their Title IX obligations" and by "a policy or practice of discrimination, satisfying the requirements of [Federal Rule of Civil Procedure] 20 and making joinder proper."

with an "official policy" claim, but it is unclear whether that is the plaintiffs' intention. *See*, *e.g.*, *Simpson v. Univ. of Colo. Boulder*, 500 F.3d 1170, 1174 (10th Cir. 2007); *Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1112 (9th Cir. 2020).

Although the plaintiffs' ninety-two-page complaint is very detailed as to each individual plaintiff's factual background, that is where the clarity ends. The complaint and brief do not clearly state what claims they intend to make. Nor do the plaintiffs identify what facts they believe support each claim, which is especially troublesome here because they have conceded that most of their claims can be dismissed and many of the factual allegations may now be irrelevant. To efficiently—and accurately—analyze the remainder of the defendants' motion to dismiss and sever, the Court requires further explanation of the plaintiffs' legal theories and arguments. Therefore,

IT IS ORDERED:

1. On or before November 9, 2021, the plaintiffs shall file a supplemental brief that clarifies their Title IX claims and arguments. Alternatively, the plaintiffs may amend their complaint only as to Counts I, II, and V.
2. The defendants shall file any response within thirty days of the date on which the plaintiffs file their brief or amended complaint.
3. The Court grants the defendants' Motion to Dismiss (Filing No. 40) as to Counts III, IV, VI, VII, VIII, IX, and X. The Court reserves ruling as to the remaining counts.

Dated this 9th day of September 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge