# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHERIDAN THOMAS, MIRANDA MELSON, JANE DOE 1, JANE DOE 2, SYDNEY BRUN-OZUNA, JANE DOE 3, CAPRI DAVIS, JANE DOE 4, JANE DOE 5, and OTHER UNIDENTIFIED FEMALE DOES,<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, and individuals PETE JEYARAM, LAURIE BELLOWS, JAKE JOHNSON, MATTHEW HECKER, TAMIKO STRICKMAN, JEFF LAMOUREAUX, MEAGAN COUNLEY, RYAN FETTE, BRIANA PALLAS-SEARS, SUE KELLY MOORE, SANDRA CHAVEZ, and JAMIE PEER, individually and in their official capacities, and OTHER UNIDENTIFIED DEFENDANTS,<br><br>Defendants. | Case No. 4:20-cv-03081<br><br>Hon. Robert F. Rossiter, Jr.<br><br>Magistrate Judge Susan M. Bazis<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF CLARIFYING TITLE IX CLAIMS AND ARGUMENTS** |

Karen Truszkowski
Bar Number: P56929 (MI)
TEMPERANCE LEGAL GROUP, PLLC
503 Mall Court #131
Lansing, MI 48912
Telephone: (844) 534-2560
Fax: (800) 531-6527
Email: karen@temperancelegalgroup.com

Elizabeth K. Abdnour
Bar Numbers: 0081795 (OH), P78203 (MI)
ELIZABETH ABDNOUR LAW, PLLC
1100 W. Saginaw St., Ste. 4A-2
Lansing, MI 48915
Telephone: (517) 292-0067
Fax: (517) 709-7700
Email: elizabeth@abdnour.com

*Attorneys for Plaintiffs*

**INTRODUCTION**

As the Court and the Department of Justice ("DOJ") note, *Davis v. Monroe County Board of Education*, 526 U.S. 629 (1999) is the landmark Title IX student-on-student harassment case. *See* Order, Doc. No. 53, at 3; United States' Statement of Interest at 3 ("Stmt. of Int."). *Davis* established that a federal funding recipient can be found liable for damages if "its deliberate indifference 'subject[s]' its students to harassment." 526 U.S. at 644-45. Under *Davis*, a plaintiff must allege the following to state a plausible post-assault deliberate indifference claim for damages:

> (1) The recipient had actual knowledge of peer sexual harassment ("actual knowledge prong"). *Davis,* 526 U.S. at 650;
> (2) The recipient responded to this knowledge with deliberate indifference that subjected the plaintiff to harassment by either causing the student to undergo harassment or making them liable or vulnerable to it ("deliberate indifference prong"). *Davis,* 526 U.S. at 644-45; and
> (3) The harassment to which the student has been subjected is so severe, pervasive, and objectively offensive that it effectively bars the student's access to an educational opportunity or benefit ("severe and pervasive prong"). *Davis,* 526 U.S. at 633.

There are two ways for Plaintiffs to establish deliberate indifference under the second prong. Plaintiffs may allege that the school's response caused them to undergo further harassment ("caused to undergo"), or plaintiffs may allege that the school's response made them vulnerable to potential further harassment ("made vulnerable"), or both. *Davis*, 526 U.S. at 645. *See also* Statement of Interest at 5. Plaintiffs bringing a claim under a caused to undergo theory must also identify a causal nexus between the school's deliberate indifference and the plaintiff's experience of sexual harassment. Plaintiffs bringing a claim under a made vulnerable theory do not need to make an additional showing.

Three Plaintiffs' claims are under the made vulnerable theory; that UNL's response made them vulnerable to further potential harassment. Six Plaintiffs' claims are under the caused to

2

undergo theory; that UNL's response caused them to undergo further harassment. Per Judge Rossiter, Jr.'s request, this Supplemental Brief will further expand on how each Plaintiff's claims meet the standard set out in *Davis*.

## I. Actual Knowledge

As noted above, the Plaintiffs each raise post-assault claims. In post-assault claims, plaintiffs must allege that defendants had actual knowledge, as opposed to imputed knowledge, that the plaintiffs themselves suffered assaults and harassments (as opposed to actual knowledge that plaintiffs' attackers were dangerous). Stmt. Of Int. at 8. Actual knowledge must be held by an appropriate person, an official who "at the minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998).

Here, the Plaintiffs' claims all establish that UNL had actual knowledge of peer sexual harassment because all Plaintiffs' claims were reported to UNL's Office of Institutional Equity and Compliance ("IEC"). IEC and the employees therein are specifically in place to monitor and remedy discrimination and to institute corrective measures.[1]

Sheridan Thomas reported her struggles to IEC and Defendant Strickman in November 2015 and reported her rape to IEC in January 2016. Second Amended Complaint ("Complaint") ¶¶ 117-122. Miranda Melson reported her rape to IEC in September 2016. Complaint ¶ 204. Jane Doe 1's stalker was reported to UNL in June 2017. Complaint ¶ 248. Jane Doe 2 reported her assaults to a professor and to IEC in November 2017. Complaint ¶¶ 347-349. Sydney Brun-Ozuna reported her assault to an RA (a responsible employee who reported the assault to IEC) in September 2017. Complaint ¶ 419. Jane Doe 3 reported her harassment to IEC in October 2018.

---

[1] *See* University of Nebraska-Lincoln, Institutional Equity and Compliance Webpage, https://www.unl.edu/equity/.

3

Complaint ¶ 524. Capri Davis reported her assault to a professor and to IEC in April 2019. Complaint ¶ 618. Jane Doe 4 reported her rapes and assaults in April 2019. *Id*. Capri Davis and Jane Doe 4 reported the attacks on Jane Doe 5. Complaint ¶ 740.

## II. Deliberate Indifference

### A. Made Vulnerable Theory

Deliberate indifference can be plead through two theories. The made vulnerable theory requires that a Plaintiff claims that a school's "deliberate indifference with respect to past acts of harassment made her vulnerable to potential future harassment, without requiring an allegation of subsequent actual sexual harassment." *Doe v. Sch. Bd.*, 403 F. Supp. 3d 1241, 1260 (S.D. Fla. 2019) (citing *Farmer v. Kansas State Univ.*, 918 F.3d 1094, 1104 (10th Cir. 2019)). A Plaintiff can be made vulnerable, for example, by a school's refusal to give a Plaintiff a new class schedule resulting in the Plaintiff's fear of encountering her attacker(s) and her educational opportunity being affected. *See Doe v. Sch. Bd.*, 403 F. Supp. 3d at 1260. "Discriminatory harm can include the harm faced by student-victims who are rendered vulnerable to future harassment and either leave school or remain at school and endure an educational environment that constantly exposes them to a potential encounter with their harasser or assailant." *Farmer v. Kan. State Univ.*, 918 F.3d 1094, 1103 (10th Cir. 2019) (citing *Hernandez v. Baylor Univ.*, 274 F. Supp. 3d 602, 613 (W.D. Tex. 2017)). Claims under the made vulnerable theory do not require an allegation of subsequent actual sexual harassment. *Farmer*, 918 F.3d 1104.

*Sheridan Thomas*

Thomas was exposed to the threat of running into her attacker for the entire time she was still enrolled at UNL after her rape. She became anxious and missed an excessive number of classes. Complaint ¶ 118. Her grades began to suffer immediately after her attack, and they

4

continued to decline throughout UNL's drawn-out and inadequate response, culminating in her dismissal from UNL. Complaint ¶ 178.

*Miranda Melson*

Melson's grades and mental health suffered during UNL's drawn-out and inadequate response.

*Sydney Brun-Ozuna*

Brun-Ozuna's grades and mental health suffered during UNL's drawn-out and inadequate response.

**B. Caused to Undergo Theory**

Plaintiffs alleging deliberate indifference under the caused to undergo theory have two additional requirements. Plaintiffs must allege that they suffered additional harassment or assaults after their report, and Plaintiffs' allegations must identify a causal nexus between an institution's response and their subsequent harassment. Stmt. of Int. at 9 (*citing K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1058 (8th Cir. 2017); *Shank v. Carleton College*, 993 F.3d 567, 573 (8th Cir. 2021)). Retaliatory behavior by a peer can qualify as further harassment. Stmt. of Int. at 10. A student experiencing mental and emotional distress is not sufficient to establish a causal nexus between a recipient's inaction and a student's experiencing sexual harassment. *K.T.*, 865 F.3d at 1058.

*Jane Doe 1*

Jane Doe 1 was seriously stalked and harassed. Jane Doe 1's friend reported the harassment to IEC in June 2017. Complaint ¶ 248. She was then contacted by IEC and UNLPD. Complaint ¶ 249. Throughout the entire time IEC and UNLPD were investigating—from the initial report in June 2017 until fall 2019—Jane Doe 1 continued to be exposed to her stalker. He continued to

email her, show up to places where she was, and harass her friends and professors. *See* Complaint ¶¶ 261-293, 337.

There is a casual nexus between UNL's lack of response and the extent of Jane Doe 1's subjection to stalking. The IEC office refused to offer Jane Doe 1 accommodations. Complaint ¶ 251-255. The UNL Title IX investigator on this case, Defendant Lamoureaux, even went so far as to try to put Jane Doe 1 in contact with her stalker, even though Lamoureaux was allegedly starting the process for a no contact order to protect Jane Doe 1. Complaint ¶¶ 257-261. Less than one month after that, Jane Doe 1's stalker appeared at a seminar where she was. Her stalker continued to escalate by contacting more people associated with Jane Doe 1. Complaint ¶¶ 265-266. A few early, inadequate sanctions did not deter her stalker, and he continued to show up where he was not permitted to be. Complaint ¶ 324. Ultimately, the only thing that stopped most of her stalker's behavior—though not all of it—was the School of Biological Sciences expelling him. UNL's lack of response, then tepid response, resulted in Jane Doe 1's stalker having access to her for years.

*Jane Doe 2*

Jane Doe 2 suffered additional harassment after her report. Jane Doe 2 and several other students reported that she was sexually assaulted by a student in her program to a professor, who reported the assaults to IEC in November 2017. Complaint ¶¶ 347-349. IEC failed to offer Jane Doe 2 accommodations or interim measures, and she was repeatedly exposed to her assailant simply by going to class. Complaint ¶¶ 351. Her assailant continued to harass and intimidate her throughout the time IEC was allegedly investigating. Complaint ¶ 356. He shared a private photograph of her with her peers and with IEC, stalked her online, and changed his social media profile picture to a photo of her. Complaint ¶ 356.

There was a causal nexus between UNL's lack of response and the additional harassment Jane Doe 2 suffered. IEC refused to offer her accommodations or interim measures following the first report of assault. Complaint ¶ 351. Additionally, IEC did not investigate any of the other acts of intimidation or harassment. Complaint ¶ 357. IEC's investigation lasted beyond the 60-day timeline that they provided to Jane Doe 2. IEC's lack of response enabled her harasser to continue his harassing behavior.

*Jane Doe 3*

Jane Doe 3 suffered additional harassment after reporting her experiences to IEC. She first reported the harassment to IEC in October 2018. Complaint ¶ 524. IEC neglected to provide interim measures or accommodations to protect her from further harassment. Amended Complaint ¶ 530. In January 2019, her harasser began retaliating. Complaint ¶¶ 542-544. Jane Doe 3 continued to push for IEC to act, but nothing ever happened, while her harasser continued to stalk her. Complaint ¶¶ 551-556. Though she continued to report the harassment, IEC did nothing. The harassment continued into the following school year. Complaint ¶¶ 569, 584-586.

There was a causal nexus between UNL's lack of response and Jane Doe 3's continued harassment. While IEC continued to drag its feet, attempted to punt responsibilities to ROTC, and ignored Jane Doe 3's reports, Jane Doe 3 remained exposed to her harasser. She experienced much more harassment than she would have if IEC had acted appropriately in the first instance.

*Capri Davis*

Capri Davis suffered an assault in March 2019 and reported it to IEC in April 2019. Complaint ¶¶ 616-618. IEC did not investigate at all. Complaint ¶ 619. When Davis told a professor who also reported to IEC, IEC still failed to initiate an investigation. Complaint ¶¶ 620-622. Davis reported it a third time after learning that her attacker had raped another student, and

7

IEC finally initiated an investigation. Complaint ¶¶ 623-625. She encountered her assailant at a party and he began verbally attacking her. Complaint ¶¶ 627-635.

There was a causal nexus between UNL's lack of response and Davis' suffering additional harassment. IEC refused to investigate a case where a student athlete assaulted her and another student, and she remained exposed to her assailant, resulting in being accosted in retaliation.

*Jane Doe 4*

Jane Doe 4 was raped by two student athletes in August 2018. Complaint ¶ 614. Then, she was assaulted again in April 2019 with Capri Davis. Complaint ¶¶ 616-618. IEC did not investigate at all. Complaint ¶619. Davis' professor reported it again, and again, IEC failed to act. Complaint ¶¶ 620-622. Jane Doe 4, with Davis, reported it a third time after learning that her attacker had raped another student, and IEC finally initiated an investigation. Complaint ¶¶ 623-625. She encountered her assailant at a party, and he began verbally attacking her and Davis. Finally, when Davis and Jane Doe 4 were invited to a meeting with IEC, Jane Doe 4 reported her earlier rapes. Complaint ¶¶ 642-647.

There was a causal nexus between UNL's lack of response and Jane Doe 4's suffering additional harassment. IEC refused to investigate a case where a student athlete assaulted her and another student, and she remained exposed to her assailant.

*Jane Doe 5*

Jane Doe 5 was raped by two students and was administered a SANE kit at a nearby hospital. UNLPD and IEC were contacted, though Jane Doe 5 was too traumatized by the rape to move forward with the investigation or law enforcement processes. Complaint ¶¶ 702-706. Jane Doe 5 then suffered a third rape. Complaint ¶¶ 711. She was later attacked by a woman associated with her rapist, who was also the assailant of Davis and Jane Doe 4. Complaint ¶¶ 731-739.

Jane Doe 5 was attacked in retaliation for Davis and Jane Doe 4's reports of their assailant and because IEC did nothing in that case. This forms the causal nexus between UNL's inaction and Jane Doe 5's suffering additional harassment.

### III. Severe and Pervasive

As DOJ notes, one experience of harassment is sufficient to reach the severe, pervasive, and objectively offensive standard. *See* U.S. Statement of Interest at 13 (citing 34 C.F.R. § 106.44(a) (2020) and 85 Fed. Reg. 30,036 (May 19, 2020).

Here, each Plaintiff suffered at least one experience of harassment. Thomas, Melson, and Brun-Ozuna all suffered one sexual assault. The other Plaintiffs each were subjected to multiple sexual assaults and instances of sexual harassment.

Thomas suffered one sexual assault. She was not provided with accommodations and her grades suffered as a result. She was ultimately dismissed from UNL, despite the trauma that UNL itself allowed to happen. Her educational experience was completely disrupted.

Melson suffered one sexual assault. She also was not provided with accommodations, and her grades suffered. She experienced suicidal ideations, became unable to complete her coursework, and had thoughts of dropping out.

Brun-Ozuna was sexually assaulted once. As she advocated for herself and other survivors of sexual violence in the IEC process, she became mentally and emotionally exhausted. The process took away her ability to participate in class and caused her to experience suicidal ideations.

Jane Doe 1 had nearly innumerable instances of harassment by her stalker. She was forced to monitor when and where she went on campus, instead of IEC changing where her stalker could be. IEC repeatedly refused to offer her accommodations in scheduling to keep her safe.

Jane Doe 2 was assaulted more than once and was harassed. Prior to her harassment, she graduated *magna cum laude* from her undergraduate program. However, during the reporting and investigation process, she was forced to take several incompletes, and her grades were negatively impacted. Because of the botched process, she ultimately dropped out of her Ph.D. program and was unable to find employment in her chosen field.

Jane Doe 3 was harassed repeatedly. She was never provided with accommodations, and thus was forced to continue to face her harasser. She was forced to avoid campus, and the classes they shared were extremely anxiety-producing. She was forced to withdraw from ROTC activities because of the risk of encountering her harasser. She found it difficult to focus on her other classes.

Jane Doe 4 was raped three times. She felt unsafe and uncomfortable on campus, and she had difficulty focusing. She avoided social outings and had to take time to see a therapist.

Capri Davis was assaulted once and retaliated against once. She suffered ongoing harassment and the botched IEC process. Her grades suffered and she decided to "red shirt" her volleyball season, and then decided to ultimately transfer to a different school to finish out her degree.

Jane Doe 5 was raped three times and was retaliated against. She began to avoid social activities and campus out of fear of running into her rapists or assailant. She also skipped classes out of this fear.

## CONCLUSION

Each Plaintiff's circumstances meet the standards set out in *Davis* and subsequent decisions. As a direct result of UNL's failure and refusal to provide adequate Title IX protections, these Plaintiffs have suffered injuries and deserve to be made whole.

DATED: November 9, 2021 Respectfully submitted,

| | |
|---|---|
| **s/ Karen Truszkowski** | **s/ Elizabeth K. Abdnour** |
| Bar Number: P56929 (MI) | Bar Numbers: 0081795 (OH), P78203 (MI) |
| TEMPERANCE LEGAL GROUP, PLLC | ELIZABETH ABDNOUR LAW, PLLC |
| 503 Mall Court #131 | 1100 W. Saginaw St., Ste. 4A-2 |
| Lansing, MI 48912 | Lansing, MI 48915 |
| Telephone: (844) 534-2560 | Telephone: (517) 292-0067 |
| Fax: (800) 531-6527 | Fax: (517) 709-7700 |
| Email: karen@temperancelegalgroup.com | Email: elizabeth@abdnour.com |

*Attorneys for Plaintiffs*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this Brief complies with the limits set forth in NECivR 7.1(d). Further, I certify that based upon the word count function of Microsoft Word for Mac word processing software, applied to include all text, including the caption, headings, footnotes, and quotations, this Brief contains 3019 words.

<u>s/ Elizabeth K. Abdnour</u>
Elizabeth K. Abdnour
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2021, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic system.

<u>s/ Elizabeth K. Abdnour</u>
Elizabeth K. Abdnour
Attorney for Plaintiffs