IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE 1 and JANE DOE 2, | Case No. 4:20-cv-03081 |
| Plaintiffs, | |
| vs. | **ANSWER TO SECOND AMENDED COMPLAINT** |
| BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA | |
| Defendant. | |

COMES NOW Defendant the Board of Regents of the University of Nebraska ("BRUN") and for its Answer to Plaintiffs' Second Amended Complaint (the "Complaint"), admits, denies and alleges as follows:

1. In response to Paragraph 1 of the Complaint, BRUN admits that Jane Doe 1 and Jane Doe 2 were former students at the University of Nebraska-Lincoln. In response to Paragraph 1 of the Complaint, BRUN states that the remaining allegations are related to persons which the Court dismissed *[See Filing No. 53 and 56],* to which no response is required, and therefore BRUN denies the remaining allegations of Paragraph 1 of the Complaint.

2. BRUN denies Paragraph 2 of the Complaint.

3. In response to Paragraph 3 of the Complaint, BRUN states the allegations set forth in Paragraph 3 contain legal conclusions to which no response is required, and therefore denies the same.

4. In response to Paragraph 4 of the Complaint, BRUN states the allegations set forth in Paragraph 4 contain legal conclusions to which no response is required, and therefore denies the same.

5. In response to Paragraph 5 of the Complaint, BRUN states the allegations set forth in Paragraph 5 contain legal conclusions to which no response is required, and therefore denies the same.

6. In response to Paragraph 6 of the Complaint, BRUN states the allegations set forth in Paragraph 6 contain legal conclusions to which no response is required, and therefore denies the same.

7. In response to Paragraph 7 of the Complaint, BRUN admits that the Office of Institutional Equity and Compliance ("IEC") is the department that serves as the Civil Rights office of the University and handled all matters that involved any form of discrimination and/or harassment based on a protected status and any form of misconduct. BRUN further alleges that IEC is responsible for enforcing Title IX and conducting investigations into Title IX complaints. BRUN denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. BRUN denies Paragraph 8 of the Complaint.

9. BRUN denies Paragraph 9 of the Complaint.

10. BRUN denies Paragraph 10 of the Complaint.

11. BRUN denies Paragraph 11 of the Complaint.

12. BRUN denies Paragraph 12 of the Complaint.

13. BRUN denies Paragraph 13 of the Complaint.

14. BRUN denies Paragraph 14 of the Complaint.

15. BRUN denies Paragraph 15 of the Complaint.

16. BRUN denies Paragraph 16 of the Complaint.

17. BRUN lacks sufficient information and knowledge to either admit or deny Paragraph 17 of the Complaint, and therefore denies.

18. BRUN denies Paragraph 18 of the Complaint.

19. BRUN denies Paragraph 19 of the Complaint.

20. BRUN denies Paragraph 20 of the Complaint.

21. BRUN denies Paragraph 21 of the Complaint.

22. In response to Paragraph 22 and 29 of the Complaint, BRUN admits that this is an action in which Doe 1 and Doe 2 purport to seek redress for alleged violations of Title IX. BRUN denies that there is any proper factual or legal basis for such claims in this case, that BRUN violated applicable laws, or that Plaintiff is entitled to relief. BRUN denies the remaining allegations contained in Paragraph 22 and 29 of the Complaint.

23. In response to Paragraphs 23 through 26 and 28, BRUN states that the allegations set forth in those paragraphs are allegations related to claims this court dismissed, to which no response is required, and therefore BRUN denies Paragraphs 23 through 26 and 28.

24. In response to Paragraph 27 of the Complaint, BRUN admits that this Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331 and personal jurisdiction over BRUN but denies that there is any proper factual or legal basis for Plaintiff's claims in this case and reasserts and does not waive the affirmative defenses set forth herein

asserting lack of jurisdiction. BRUN denies the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint.

25. BRUN lacks sufficient knowledge of the allegation in Paragraph 30 of the Complaint and therefore denies the same.

26. In response to Paragraph 31 of the Complaint, BRUN admits that venue is proper. BRUN denies the remaining allegations contained in Paragraph 31 of the Complaint.

27. In response to Paragraphs 32, 33, 36, 37, 38, 39, 40 and 41 of the Complaint, BRUN states that the allegations set forth in those Paragraphs are allegations related to persons and claims this court dismissed, to which no response is required, and therefore BRUN denies Paragraphs 32, 33, 36, 37, 38, 39, 40 and 41.

28. In response to Paragraph 34 of the Complaint, BRUN admits that Jane Doe 1 was a former student of the University of Nebraska—Lincoln. BRUN lacks sufficient information to either admit or deny the remaining allegations of Paragraph 34 and therefore denies.

29. In response to Paragraph 35, BRUN admits that Jane Doe 2 was a former student of the University of Nebraska—Lincoln. BRUN lacks sufficient information to either admit or deny the remaining allegations of Paragraph 35 and therefore denies.

30. In response to Paragraph 42 of the Complaint, BRUN admits that it is the governing body of the University of Nebraska, which is a land grant institution operating within the State of Nebraska, and operates various campuses throughout Nebraska, including at the University of Nebraska-Lincoln. BRUN denies the remaining allegations contained in Paragraph 42 of the Complaint.

31. In response to Paragraph 43 of the Complaint, BRUN admits that Pete Jeyaram ("Jeyaram") was an employee of the University of Nebraska—Lincoln. BRUN denies the remaining allegations contained in Paragraph 43 of the Complaint.

32. In response to Paragraph 44 of the Complaint, BRUN admits that Jeyaram served as the Compliance Director, Office of the Vice President for Business and Finance, from February 2019 through December of 2020. BRUN denies the remaining allegations contained in Paragraph 44 of the Complaint.

33. In response to Paragraph 45 of the Complaint, BRUN admits that Laurie Bellows ("Bellows") is an employee of the University of Nebraska—Lincoln. BRUN denies the remaining allegations contained in Paragraph 45 of the Complaint.

34. In response to Paragraph 46 of the Complaint, BRUN admits that Bellows was named the Vice Chancellor for Student Affairs after serving as interim vice chancellor since 2017. BRUN denies the remaining allegations contained in Paragraph 46 of the Complaint.

35.     In response to Paragraph 47 of the Complaint, BRUN admits that Jake Johnson ("Johnson") was an employee of the University of Nebraska—Lincoln. BRUN denies the remaining allegations contained in Paragraph 47 of the Complaint.

36.     In response to Paragraph 48 of the Complaint, BRUN admits that Johnson served as the Associate to the Chancellor for Institutional Equity & Compliance from July of 2020 to August of 2021 and the Assistant Vice Chancellor for Student Affairs from January of 2018 to July of 2020. BRUN denies the remaining allegations contained in Paragraph 48 of the Complaint.

37.     In response to Paragraph 49 of the Complaint, BRUN admits that Mathew Hecker ("Hecker") was an employee of the University of Nebraska—Lincoln. BRUN denies the remaining allegations contained in Paragraph 49 of the Complaint.

38.     In response to Paragraph 50 of the Complaint, BRUN admits that Hecker served as Dean of Students from approximately September of 2003 through February of 2018. BRUN denies the remaining allegations contained in Paragraph 50 of the Complaint.

39.     In response to Paragraph 51 of the Complaint, BRUN admits that Tamiko Strickman ("Strickman") was an employee of the University of Nebraska—Lincoln. BRUN denies the remaining allegations contained in Paragraph 51 of the Complaint.

40.     In response to Paragraph 52 of the Complaint, BRUN admits that Strickman served as the Associate to the Chancellor for Equity and Compliance and Title IX coordinator from approximately 2016 until January 3, 2020. BRUN denies the remaining allegations contained in Paragraph 52 of the Complaint.

41.     In response to Paragraph 53 of the Complaint, BRUN admits that Jeff Lamoureaux ("Lamoureaux") was an employee of the University of Nebraska—Lincoln. BRUN denies the remaining allegations contained in Paragraph 53 of the Complaint.

42.     In response to Paragraph 54 of the Complaint, BRUN admits that Lamoureaux served as Civil Rights Resolution Specialist from approximately May of 2016 through October of 2017. BRUN denies the remaining allegations contained in Paragraph 54 of the Complaint.

43.     In response to Paragraph 55 of the Complaint, BRUN admits that Meagan Counley ("Counley") is an employee of the University of Nebraska—Lincoln. BRUN denies the remaining allegations contained in Paragraph 55 of the Complaint.

44.     In response to Paragraph 56 of the Complaint, BRUN admits that Counley served in various positions as Investigator, Interim Title IX Coordinator and now Title IX Coordinator since 2016. BRUN denies the remaining allegations contained in Paragraph 56 of the Complaint.

45. In response to Paragraph 57 of the Complaint, BRUN admits that Ryan Fette ("Fette") is an employee of the University of Nebraska—Lincoln. BRUN denies the remaining allegations contained in Paragraph 57 of the Complaint.

46. In response to Paragraph 58 of the Complaint, BRUN admits that Fette served as Assistant Director, Student Coordinator from approximately August of 2015 through November of 2016 and the Title IX Deputy Coordinator from November of 2016 through August of 2018. BRUN further alleges Fette currently serves as the Education and Outreach Coordinator since July of 2019. BRUN denies the remaining allegations contained in Paragraph 58 of the Complaint.

47. In response to Paragraph 59 of the Complaint, BRUN admits that Briana Pallas-Sears ("Pallas-Sears") was an employee of the University of Nebraska—Lincoln. BRUN denies the remaining allegations contained in Paragraph 59 of the Complaint.

48. In response to Paragraph 60 of the Complaint, BRUN admits and further alleges that Pallas-Sears was the Civil Rights Resolution Specialist from May of 2018 through May of 2019. BRUN denies the remaining allegations contained in Paragraph 60 of the Complaint.

49. In response to Paragraph 61 of the Complaint, BRUN admits that Sue Kelly Moore ("Moore") is an employee of the University of Nebraska—Lincoln. BRUN denies the remaining allegations contained in Paragraph 61 of the Complaint.

50. In response to Paragraph 62 of the Complaint, BRUN admits that Moore has been serving as the Associate Director of Student Advocacy and Support since December of 2013. BRUN denies the remaining allegations contained in Paragraph 62 of the Complaint.

51. In response to Paragraphs 63 through 67 of the Complaint, BRUN states that the allegations set forth in those Paragraphs are allegations related to persons and claims this court dismissed, to which no response is required, and therefore BRUN denies Paragraphs 63 through 67.

52. In response to Paragraph 68 through 80 of the Complaint, BRUN alleges the allegations set forth in those paragraphs contain legal conclusions and opinion to which no response is required, and therefore denies the same.

53. In response to Paragraph 81 of the Complaint, BRUN admits and further alleges that BRUN, a body corporate created by the people of Nebraska through the constitution, has constitutional and statutory power for general supervision over all elements of the University, control and direction of all expenditures, and for general operating policies of the University. BRUN denies the remaining allegations contained in Paragraph 81 of the Complaint.

54. BRUN admits Paragraph 82 of the Complaint.

55. BRUN admits Paragraph 83 of the Complaint.

56. BRUN denies Paragraphs 84 through 94 of the Complaint.

57. In response to Paragraphs 95 through 187 of the Complaint, BRUN states that the allegations set forth in those Paragraphs are allegations related to person (Thomas) and claims this Court dismissed, to which no response is required, and therefore BRUN denies Paragraphs 95 through 187.

58. In response to Paragraphs 188 through 234 of the Complaint, BRUN states that the allegations set forth in those Paragraphs are allegations related to person (Melson) and claims this Court dismissed, to which no response is required, and therefore BRUN denies Paragraphs 188 through 234.

59. In response to Paragraph 235 of the Complaint, BRUN admits that Doe 1 was a student beginning August of 2015. BRUN denies the remaining allegations contained in Paragraph 235 of the Complaint.

60. In response to Paragraphs 236 through 249, BRUN lacks sufficient information or knowledge to either admit or deny those paragraphs, and therefore denies Paragraphs 236 through 248.

61. In response to Paragraph 250, BRUN admits that, on or about June 28, 2017, IEC communicate with Jane Doe 1 regarding her interaction with JR4. BRUN lacks sufficient information or knowledge to either admit or deny the remaining allegations contained in Paragraph 250, and therefore denies.

62. In response to Paragraph 251, BRUN admits that, on or about June 30, 2017, IEC communicated to Jane Doe that they are issuing a no-contact order. BRUN lacks sufficient information or knowledge to either admit or deny the remaining allegations contained in Paragraph 251, and therefore denies.

63. BRUN denies Paragraph 252 of the Complaint.

64. In response to Paragraph 253, BRUN admits that, on or about June 30, 2017, IEC communicated to Jane Doe that they are issuing a no-contact order. BRUN denies the remaining allegations contained in Paragraph 253 of the Complaint.

65. BRUN denies Paragraph 254 of the Complaint.

66. In response to Paragraphs 255 and 256 of the Complaint, BRUN lacks sufficient information or knowledge to either admit or deny the allegations contained therein, and therefore denies Paragraphs 255 and 256.

67. In response to Paragraph 257 of the Complaint, BRUN admits that, on October 17, 2017, Lamoureaux communicated with Jane Doe 1 via email. BRUN denies the

remaining allegations contained in Paragraph 257 of the Complaint because the statement contained therein mischaracterizes the communication and quotes a statement out of context with regard to surrounding language contained in the email communication.

68. In response to Paragraph 258 of the Complaint, BRUN admits that it contains a statement from October 17, 2017 email communication from Lamoureaux to Jane Doe, but the statement so quoted is out of context with regard to the surrounding language also contained in the email, so this paragraph of the Complaint is therefore denied to the extent Plaintiff claims it can or should be read in isolation.

69. BRUN denies Paragraph 259 of the Complaint.

70. BRUN admits Paragraph 260 of the Complaint.

71. In response to Paragraph 261 of the Complaint, BRUN admits that Lamoureaux stated "I will advise him to avoid contact. If he doesn't listen, we will take further steps." BRUN denies the remaining allegations contained in paragraph 261 of the Complaint.

72. In response to Paragraph 262 and 263 of the Complaint, BRUN lacks sufficient information and knowledge to either admit or deny Paragraphs 262 and 263, and therefore denies the same.

73. BRUN denies Paragraphs 264 of the Complaint.

74. In response to Paragraph 265 through 269 of the Complaint, BRUN lacks sufficient information and knowledge to either admit or deny these paragraphs, and therefore denies the same.

75. BRUN denies Paragraph 270 of the Complaint.

76. BRUN denies Paragraph 271 of the Complaint.

77. In response to Paragraph 272 of the Complaint, BRUN lacks sufficient information and knowledge to either admit or deny this paragraph, and therefore denies the same.

78. BRUN denies Paragraph 273 of Complaint.

79. In response to Paragraph 274 of the Complaint, BRUN admits that, on May 10, 2018, Doe 1 received an email from "John Smith." BRUN lacks sufficient information and knowledge to either admit or deny the remaining allegations contained therein.

80. In response to Paragraph 275 of the Complaint, BRUN admits that it contains quotes from the May 10, 2018, email from "John Smith." BRUN denies the remaining allegations contained in Paragraph 275.

81. BRUN denies Paragraph 276 of the Complaint.

82. In response to Paragraphs 277 through 280 of the Complaint, BRUN lacks sufficient information and knowledge to either admit or deny these paragraphs, and therefore denies the same.

83. In response to Paragraph 281 of the Complaint, BRUN admits that, on May 10, 2018, UNLPD and IEC (Strickman) met with Jane Doe 1. BRUN denies the remaining allegations contained therein.

84. In response to Paragraphs 282 and 283 of the Complaint, BRUN lacks sufficient information and knowledge to either admit or deny these paragraphs, and therefore denies the same.

85. BRUN denies Paragraph 284 of the Complaint.

86. BRUN denies Paragraph 285 of the Complaint.

87. In response to Paragraph 286 of the Complaint, BRUN admits that Jane Doe 1 was provided options. BRUN denies the remaining allegations contained in Paragraph 286 of the Complaint.

88. BRUN admits Paragraph 287 of the Complaint.

89. BRUN denies Paragraph 288 of the Complaint.

90. BRUN denies Paragraph 289 of the Complaint.

91. BRUN denies Paragraph 290 of the Complaint.

92. BRUN admits Paragraph 291 of the Complaint.

93. BRUN lacks sufficient information and knowledge to either admit or deny the allegations contained in Paragraph 292 of the Complaint, and therefore denies.

94. BRUN lacks sufficient information and knowledge to either admit or deny the allegations contained in Paragraph 293 of the Complaint, and therefore denies.

95. BRUN lacks sufficient information and knowledge to either admit or deny the allegations contained in Paragraph 294 of the Complaint, and therefore denies.

96. BRUN admits Paragraph 295 of the Complaint.

97. BRUN denies Paragraph 296 of the Complaint.

98. In response to Paragraph 297 of the Complaint, BRUN admits that, on June 11, 2018, Counley notified Plaintiff that she was going to be reaching out to JR4. BRUN denies the remaining allegations contained in Paragraph 297 of the Complaint.

99. In response to Paragraph 298 of the Complaint, BRUN admits that on or about June 14, 2018, Counley and Officer Fischer spoke to Jane Doe and gave her update on the investigation. BRUN denies the remaining allegations contained in Paragraph 298 of the Complaint.

100. In response to Paragraph 299 of the Complaint, BRUN admits that JR4 admitted sending Jane Doe 1 an email on May 5, 2018, from an anonymous account. BRUN denies the remaining allegations contained in Paragraph 299 of the Complaint.

101. BRUN lacks sufficient information and knowledge to either admit or deny the allegations contained in Paragraph 300 of the Complaint, and therefore denies.

102. Upon information and belief, BRUN admits Paragraph 301 of the Complaint.

103. BRUN admits Paragraph 302 of the Complaint.

104. BRUN admits Paragraph 303 of the Complaint.

105. BRUN admits Paragraph 304 of the Complaint.

106. BRUN denies Paragraph 305 of the Complaint.

107. BRUN denies Paragraph 306 of the Complaint.

108. BRUN admits Paragraph 307 of the Complaint.

109. BRUN admits Paragraph 308 of the Complaint.

110. BRUN admits Paragraph 309 of the Complaint.

111. In response to Paragraph 310 of the Complaint, BRUN admits that, on or about August 1, 2018, Jane Doe 1 appealed the decision. BRUN denies the remaining allegations contained therein.

112. BRUN admits Paragraph 311 of the Complaint.

113. BRUN denies Paragraph 312 of the Complaint.

114. BRUN denies Paragraph 313 of the Complaint.

115. BRUN denies Paragraph 314 of the Complaint.

116. Upon information and belief, BRUN admits Paragraph 315 of the Complaint.

117. BRUN admits Paragraph 316 of the Complaint.

118. BRUN admits Paragraph 317 of the Complaint but denies footnote 49.

119. BRUN admits Paragraph 318 of the Complaint.

120. BRUN admits Paragraph 319 of the Complaint.

121. BRUN admits Paragraphs 320 of the Complaint.

122. BRUN admits Paragraphs 321 of the Complaint.

123. BRUN admits Paragraphs 322 of the Complaint.

124. BRUN admits Paragraphs 323 of the Complaint.

125. BRUN lacks sufficient information and knowledge to either admit or deny Paragraph 324 of the Complaint.

126. BRUN lacks sufficient information and knowledge to either admit or deny Paragraph 325 of the Complaint.

127. BRUN admits Paragraph 326 of the Complaint.

128. BRUN denies Paragraph 327 through 334 of the Complaint.

129. BRUN denies Paragraph 335 of the Complaint.

130. BRUN denies Paragraph 336 of the Complaint.

131. BRUN lacks sufficient information and knowledge to either admit or deny Paragraphs 337 and 338 of the Complaint.

132. BRUN denies Paragraph 339 of the Complaint.

133. BRUN denies Paragraph 340 of the Complaint.

134. BRUN denies Paragraph 341 of the Complaint.

135. BRUN denies Paragraph 342 of the Complaint.

136. BRUN denies Paragraph 343 of the Complaint.

137. BRUN denies Paragraph 344 of the Complaint.

138. In response to Paragraph 345 of the Complaint, BRUN admits that Jane Doe 2 was a master's student at the University beginning Fall of 2015 through Spring of 2018, when she graduated with Master of Arts in Political Science in May of 2018. BRUN denies the remaining allegations contained in Paragraph 345 of the Complaint.

139. BRUN lacks sufficient information and knowledge to either admit or deny the allegations contained in Paragraph 346 of the Complaint.

140. BRUN lacks sufficient information and knowledge to either admit or deny the allegations contained in Paragraph 347 of the Complaint.

141. BRUN denies Paragraph 348 of the Complaint.

142. In response to Paragraph 349 of the Complaint, BRUN admits a professor notified IEC of concerns with regard to JR5 in November of 2017. BRUN denies the remaining allegations contained therein.

143. BRUN admits Paragraph 350 of the Complaint.

144. BRUN denies Paragraph 351 of the Complaint.

145. BRUN denied Paragraph 352 of the Complaint.

146. BRUN denies Paragraph 353 of the Complaint.

147. BRUN denies Paragraph 354 of the Complaint.

148. BRUN admits Paragraph 355 of the Complaint.

149. BRUN denies Paragraph 356 of the Complaint.

150. BRUN denies Paragraph 357 of the Complaint.

151. BRUN denies Paragraph 358 of the Complaint.

152. BRUN denies Paragraph 359 of the Complaint.

153. In response to Paragraph 360 of the Complaint, BRUN admits that the investigation took longer than 60-days. BRUN denies the remaining allegations contained in Paragraph 360 of the Complaint.

154. BRUN denies Paragraph 361 of the Complaint.
155. BRUN denies Paragraph 362 of the Complaint.
156. BRUN denies Paragraph 363 of the Complaint.
157. BRUN denies Paragraph 364 of the Complaint.
158. BRUN denies Paragraph 365 of the Complaint.
159. BRUN denies Paragraph 366 of the Complaint.
160. BRUN admits Paragraph 367 of the Complaint.
161. BRUN admits Paragraph 368 of the Complaint.
162. BRUN denies Paragraph 369 of the Complaint.
163. BRUN denies Paragraph 370 of the Complaint.
164. BRUN denies Paragraph 371 of the Complaint.
165. BRUN admits Paragraph 372 of the Complaint.
166. BRUN admits Paragraph 373 of the Complaint.
167. BRUN denies Paragraph 374 of the Complaint.
168. BRUN admits Paragraph 375 of the Complaint.
169. BRUN denies Paragraph 376 of the Complaint.
170. BRUN denies Paragraph 377 of the Complaint.
171. BRUN lacks sufficient information to either admit or deny the allegations contained in Paragraph 378, and therefore denies the same.

172. BRUN lacks sufficient information to either admit or deny the allegations contained in paragraph 379, and therefore denies the same.

173. BRUN denies Paragraph 380 of the Complaint.
174. BRUN denies Paragraph 381 of the Complaint.
175. BRUN lacks sufficient information and knowledge to either admit or deny the allegations contained in Paragraph 382 of the Complaint., and therefore denies the same.

176. BRUN lacks sufficient information and knowledge to either admit or deny the allegations contained in Paragraph 383 of the Complaint, and therefore denies the same.

177. BRUN lacks sufficient information and knowledge to either admit or deny the allegations contained in Paragraph 384 of the Complaint, and therefore denies the same.

178. BRUN denies Paragraph 385 of the Complaint.
179. BRUN denies Paragraph 386 of the Complaint.
180. BRUN denies Paragraph 387 of the Complaint.

181. BRUN denies Paragraph 388 of the Complaint, including the footnote.

182. BRUN denies Paragraph 389 of the Complaint.

183. BRUN denies Paragraph 390 of the Complaint.

184. BRUN denies Paragraph 391 of the Complaint.

185. BRUN denies Paragraph 392 of the Complaint.

186. BRUN lacks sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 393 of the Complaint, and therefore denies the same.

187. BRUN denies Paragraph 394 of the Complaint.

188. BRUN lacks sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 395 of the Complaint, and therefore denies the same.

189. BRUN lacks sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 396 of the Complaint, and therefore denies the same.

190. BRUN lacks sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 397 of the Complaint, and therefore denies the same.

191. BRUN denies Paragraph 398 of the Complaint.

192. BRUN denies Paragraph 399 of the Complaint.

193. BRUN denies Paragraph 400 of the Complaint.

194. BRUN lacks sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 401 of the Complaint, and therefore denies the same.

195. BRUN lacks sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 402 of the Complaint, and therefore denies the same.

196. BRUN denies Paragraph 403 of the Complaint.

197. BRUN denies Paragraph 404 of the Complaint.

198. BRUN denies Paragraph 405 of the Complaint.

199. BRUN denies Paragraph 406 of the Complaint.

200. In response to Paragraphs 407 through 511 of the Complaint, BRUN states that the allegations set forth in those Paragraphs are allegations related to person (Brun-Ozuna) and claims this Court dismissed, to which no response is required, and therefore BRUN denies Paragraphs 407 through 511.

201. In response to Paragraphs 512 through 605 of the Complaint, BRUN states that the allegations set forth in those Paragraphs are allegations related to person (Jane Doe 3) and claims this Court dismissed, to which no response is required, and therefore BRUN denies Paragraphs 512 through 605.

202. In response to Paragraphs 606 through 700 of the Complaint, BRUN states that the allegations set forth in those Paragraphs are allegations related to persons (Jane

Doe 4 and Davis) and claims this Court dismissed, to which no response is required, and therefore BRUN denies Paragraphs 606 through 700.

203. In response to Paragraphs 701 through 748 of the Complaint, BRUN states that the allegations set forth in those Paragraphs are allegations related to person (Jane Doe 5) and claims this Court dismissed, to which no response is required, and therefore BRUN denies Paragraphs 701 through 748.

204. BRUN restates and incorporates by reference each and every response to the allegations contained in Paragraphs 1 through 748 of the Complaint as though fully set forth herein.

205. BRUN denies Paragraphs 750 through 760 of the Complaint.

206. BRUN restates and incorporates by reference each and every response to the allegations contained in Paragraphs 1 through 760 of the Complaint as though fully set forth herein and denies Paragraph 761.

207. In response to Paragraphs 762 through 770, BRUN states that the allegations set forth in those paragraphs are allegations related to Title IX, Retaliation claim the Court dismissed, to which no response is required, and therefore, BRUN denies Paragraphs 762 through 770.

208. BRUN restates and incorporates by reference each and every response to the allegations contained in Paragraphs 1 through 770 of the Complaint as though fully set forth herein and denies Paragraph 771.

209. In response to Paragraph 772 through 781, BRUN states that the allegations set forth in those paragraphs are allegations related to Title VI claim the Court dismissed, to which no response is required, and therefore, BRUN denies Paragraphs 772 through 781.

210. BRUN restates and incorporates by reference each and every response to the allegations contained in Paragraphs 1 through 781 of the Complaint as though fully set forth herein and denies Paragraph 782.

211. In response to Paragraphs 783 through 786, BRUN states that the allegations set forth in those paragraphs are allegations related to Denial of Due Process claim the Court dismissed, to which no response is required, and therefore, BRUN denies Paragraphs 783 through 786.

212. BRUN restates and incorporates by reference each and every response to the allegations contained in Paragraphs 1 through 786 of the Complaint as though fully set forth herein and denies Paragraph 787.

213. In response to Paragraphs 788 through 793, BRUN states that the allegations set forth in those paragraphs are allegations related to Denial of Equal Protection claim the

Court dismissed, to which no response is required, and therefore, BRUN denies Paragraphs 788 through 793.

214. BRUN restates and incorporates by reference each and every response to the allegations contained in Paragraphs 1 through 793 of the Complaint as though fully set forth herein and denies Paragraph 794.

215. In response to Paragraphs 795 through 798, BRUN states that the allegations set forth in those paragraphs are allegations related to claim of Discrimination on the Basis of Sex and Color under the Nebraska State Constitution the Court dismissed, to which no response is required, and therefore, BRUN denies Paragraphs 795 through 798.

216. BRUN restates and incorporates by reference each and every response to the allegations contained in Paragraphs 1 through 798 of the Complaint as though fully set forth herein and denies Paragraph 799.

217. In response to Paragraphs 800 through 813, BRUN states that the allegations set forth in those paragraphs are allegations related to claim of Discrimination on the Basis of Gender and Color under the Charter of the University of Nebraska and Neb. Rev. Stat. § 85-101 the Court dismissed, to which no response is required, and therefore, BRUN denies Paragraphs 800 through 813.

218. BRUN restates and incorporates by reference each and every response to the allegations contained in Paragraphs 1 through 813 of the Complaint as though fully set forth herein and denies Paragraph 814.

219. In response to Paragraphs 815 through 820, BRUN states that the allegations set forth in those paragraphs are allegations related to claim of Negligence the Court dismissed, to which no response is required, and therefore, BRUN denies Paragraphs 815 through 820.

220. BRUN restates and incorporates by reference each and every response to the allegations contained in Paragraphs 1 through 820 of the Complaint as though fully set forth herein and denies Paragraph 821.

221. In response to Paragraphs 822 through 825, BRUN states that the allegations set forth in those paragraphs are allegations related to claim of Negligent Infliction of Emotional Distress the Court dismissed, to which no response is required, and therefore, BRUN denies Paragraphs 822 through 825.

222. BRUN restates and incorporates by reference each and every response to the allegations contained in Paragraphs 1 through 825 of the Complaint as though fully set forth herein and denies Paragraph 826.

223. In response to Paragraphs 827 through 834, BRUN states that the allegations set forth in those paragraphs are allegations related to claim of Breach of Contract the Court dismissed, to which no response is required, and therefore, BRUN denies Paragraphs 827 through 834.

224. BRUN restates and incorporates by reference each and every response to the allegations contained in Paragraphs 1 through 834 of the Complaint as though fully set forth herein and denies Paragraph 835.

225. BRUN denies Paragraph 836, including the subparts included therein.

226. Plaintiffs' prayer for relief does not require a response. To the extent a response is required, BRUN denies Plaintiffs are entitled to relief they seek.

227. BRUN denies all allegations in the Complaint not specifically admitted or denied herein, except those which constitute an admission against Plaintiffs' interest.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

228. BRUN affirmatively alleges that the Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

229. BRUN affirmatively alleges that it, at all times, acted in good faith and without discriminatory motive and conducted the underlying investigation appropriately and in compliance with applicable law.

### THIRD AFFIRMATIVE DEFENSE

230. BRUN affirmatively alleges that Plaintiffs unreasonably failed to take advantage of any preventative or corrective opportunities provided by BRUN or to otherwise avoid harm by not taking advantage of reporting procedures outlined in BRUN's policies or were otherwise provided to them.

### FOURTH AFFIRMATIVE DEFENSE

231. BRUN affirmatively alleges Plaintiffs' claims fail to the extent that they are barred by the doctrines of acquiescence, consent, waiver, unclean hands, laches, and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

232. BRUN affirmatively alleges Plaintiffs have failed to exercise reasonable diligence to mitigate their alleged damages, if any, and therefore Plaintiffs' claim for damages is barred in whole or in part.

**SIXTH AFFIRMATIVE DEFENSE**

233. BRUN affirmatively alleges BRUN did not breach any duty or obligation that may have been owed to Plaintiffs.

**SEVENTH AFFIRMATIVE DEFENSE**

234. BRUN affirmatively alleges they are entitled to Sovereign Immunity.

**EIGHTH AFFIRMATIVE DEFENSE**

235. BRUN affirmatively alleges Plaintiffs' claims are barred to the extent that they are untimely and/or barred by the applicable statute of limitations.

**NINTH AFFIRMATIVE DEFENSE**

236. BRUN affirmatively alleges that Plaintiffs' claimed damages are not of the nature and extent alleged, were pre-existing, and/or were caused by some other condition, factor or individual over whom BRUN has no control or right of control.

**TENTH AFFIRMATIVE DEFENSE**

237. BRUN affirmatively alleges that Plaintiffs' request for a jury trial is barred by Sovereign Immunity.

**ELEVENTH AFFIRMATIVE DEFENSE**

238. BRUN affirmatively alleges that BRUN did not exercise substantial control over both the alleged harassers and the context in which the alleged known harassment occurred.

239. BRUN reserves and does not waive the right to assert additional defenses that may become known to it during the pendency of this suit, as a result of discovery.

WHEREFORE, having fully answered Plaintiffs' Complaint, BRUN prays that the same be dismissed, in its entirety and with prejudice, at Plaintiffs' costs; that BRUN be awarded its costs expended herein, including reasonable attorney's fees; and that the Court award such other and further relief as it deems just and appropriate.

Dated this 3rd day of June, 2022.

BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, Defendant

By: /s/ Lily Amare
Susan K. Sapp #19121
Lily Amare #25735
Cline Williams Wright
  Johnson & Oldfather, L.L.P.
1900 U.S. Bank Building
233 South 13th Street
Lincoln, NE 68508
(402) 474-6900
ssapp@clinewilliams.com
lamare@clinewilliams.com

AND

Bren H. Chambers, #23150
Associate General Counsel
University of Nebraska
3835 Holdrege Street
Lincoln, NE 68583-0745
402-472-1201
bchambers@nebraska.edu

**CERTIFICATE OF SERVICE**

     I hereby certify that on June 3, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties who have entered an appearance in this case as well as electronically transmitted.

| | |
|---|---|
| Karen Truszkowski<br>TEMPERANCE LEGAL GROUP, PLLC<br>503 Mall Court #131<br>Lansing, MI 48912<br>karen@temperancelegalgroup.com | Elizabeth K. Abdnour<br>ELIZABETH ABDNOUR LAW, PLLC<br>1146 S. Washington Ave., Ste. D7<br>Lansing, MI 48910<br>elizabeth@abdnour.com |

/s/ Lily Amare
Lily Amare

4817-6984-5188, v. 1

17