IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE 1 and JANE DOE 2,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA;<br><br>　　　　　Defendant. | **CASE NO. 4:20-CV-03081**<br><br>**JUDGE ROBERT F. ROSSITER, JR.**<br><br>**MAGISTRATE SUSAN M. BAZIS**<br><br>**RULE 26(f) REPORT** |

　　　The following attorneys conferred to prepare the Report of Parties' Planning Conference for the above-captioned case:

PLAINTIFFS:
Karen Truszkowski #P56929 (MI)
TEMPERANCE LEGAL GROUP, PLLC
503 Mall Court #131
Lansing, MI 48912
(844) 534-2560
karen@temperancelegalgroup.com

　　AND

Elizabeth K. Abdnour #P78203 (MI)
ELIZABETH ABDNOUR LAW, PLLC
1146 S. Washington Ave., Ste. D7
Lansing, MI 48910
(517) 292-0067
elizabeth@abdnour.com

DEFENDANT:
Susan K. Sapp #19121
Lily Amare #25735
Cline Williams Wright
　Johnson & Oldfather, L.L.P.
1900 U.S. Bank Building
233 South 13th Street
Lincoln, NE 68508
(402) 474-6900
ssapp@clinewilliams.com
lamare@clinewilliams.com

　　AND

Bren H. Chambers, #23150
Deputy General Counsel
University of Nebraska
3835 Holdrege Street
Lincoln, NE 68583-0745
402-472-1201
bchambers@nebraska.edu

The parties discussed the case and jointly make the following report:[1]

**I.** **INITIAL MATTERS:**

    A.    <u>Jurisdiction and Venue</u>: As to the defendant(s) (mark all boxes that may apply).

☐ Jurisdiction is contested because _____.

☐ Venue is contested because _____.

☐ Neither jurisdiction nor venue are contested.

    B.    <u>Immunity</u>: As to the defendant(s) (mark all boxes that may apply).

☒ An immunity defense has been raised by a defendant.

☐ An immunity defense will be raised, such defense to be raised on or before **Click here to enter a date.**

☐ No immunity defense has or will be raised in this case.

    C.    Either jurisdiction or venue is being challenged, or a defense of immunity has or will be raised, and:

☐ Not applicable.

☒ The parties agree that discovery and case progression can begin before the jurisdiction, venue, and/or immunity issues are decided.

☐ Any or all parties believe that case progression and discovery should be stayed pending a ruling on those issues, and

☐ before any motion(s) to resolve jurisdiction, venue, and/or immunity issues can be filed, initial discovery limited to those issues will be necessary, and such discovery can be completed by: **Click here to enter a date.**.
Explain: _____.

---

[1] Counsel are advised to use caution in filing this report as well as other documents so there is no disclosure of information required by the E-Government Act of 2002 to be kept non-public, such as addresses, phone numbers, social security numbers, etc. If such identifiers are required to be disclosed to opposing parties, you may wish to file redacted versions for the public court file and serve opposing parties with unredacted versions. See NECivR 5.3, available on the court's Website at www.ned.uscourts.gov.

If the case alleges an action for forfeiture, complete only sections **IV: Settlement**; **V. Consent to Final Resolution by a Magistrate Judge**; and **VI: Case Progression**.

  ☐ a dispute exists as to whether and to what extent discovery is needed to resolve jurisdiction, venue, and/or immunity issues. A conference with the court is requested.

  ☐ motion(s) to resolve jurisdiction, venue, and/or immunity issues can be filed on or before **Click here to enter a date.**.

**II. CLAIMS AND DEFENSES:**

 A. <u>Claims</u>:[2] Provide a brief statement of the alleged facts and a succinct summary of the alleged federal or state theories of recovery, citing any relevant statutes which provide the basis for any statutory claims. You do not need to list the elements of each claim.

  There are two remaining plaintiffs identified as Jane Doe 1 and Jane Doe 2 (there were originally 9 plaintiffs). The remaining claim for Jane Doe 1 and Jane Doe 2 is Count No. 1–Deliberate Indifference to Sex Discrimination in violation of Title IX.   All other claims have been dismissed.

 B. <u>Defenses</u>:[3] List each alleged affirmative defense to the claims, and for any defenses based on a statute, cite the relevant statute.

  DEFENSE ONE: FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

  DEFENSE TWO: DEFENDANT AT ALL TIMES ACTED IN GOOD FAITH AND WITHOUT DISCRIMINATORY MOTIVE AND CONDUCTED THE UNDERLYING INVESTIGATION APPROPRIATELY AND IN COMPLIANCE WITH APPLICABLE LAW.

  DEFENSE THREE:   PLAINTIFFS FAILED TO TAKE ADVANTAGE OF ANY PREVENTATIVE OR CORRECTIVE OPPORTUNITIES PROVIDED BY DEFENDANT OR TO OTHERWISE AVOID HARM BY NOT TAKING ADVANTAGE OF REPORTING AND APPEAL PROCEDURES OUTLINED IN DEFENDANTS' POLICIES.

  DEFENSE FOUR:   PLAINTIFF IS BARRED BY THE DOCTRINES OF ACQUIESCENCE/CONSENT, WAIVER, UNCLEAN HANDS, LACHES AND/OR ESTOPPEL.

  DEFENSE FIVE: PLAINTIFFS FAILED TO EXERCISE REASONABLE DILIGENCE TO MITIGATE ALLEGED DAMAGES, IF ANY.

---

[2] The category "Claims" includes any claims raised by any party, including not only those raised by the party(s) who filed the lawsuit, but any crossclaims, counterclaims, or third-party claims raised in the operative pleadings.

[3] The category "Defenses" includes any defenses raised in any pleading filed in response to the operative complaint, any crossclaims, counterclaims, or third-party claims.

DEFENSE SIX:  DEFENDANT DID NOT BREACH ANY DUTY OR OBLIGATION THAT MAY HAVE BEEN OWED TO PLAINTIFFS.

DEFENSE SEVEN:  DEFENDANT IS ENTITLED TO SOVEREIGN IMMUNITY.

DEFENSE EIGHT:  PLAINTIFFS' CLAIMS ARE BARRED TO THE EXTENT THAT THEY ARE UNTIMELY AND/OR BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.

DEFENSE NINE:  PLAINTIFFS' CLAIMED DAMAGES ARE NOT OF THE NATURE AND EXTENT ALLEGED, WERE PRE-EXISTING AND/OR WERE CAUSED BY SOME OTHER CONDITION, FACTOR OR INDIVIDUAL OVER WHOM BRUN HAS NO CONTROL OR RIGHT OF CONTROL.

DEFENSE TEN:  PLAINTIFFS' REQUEST FOR A JURY TRIAL IS BARRED BY SOVEREIGN IMMUNITY.

DEFENSE ELEVEN:  DEFENDANT DID NOT EXERCISE SUBSTANTIAL CONTROL OVER BOTH THE ALLEGED HARASSERS AND THE CONTEXT IN WHICH THE ALLEGED KNOWN HARASSMENT OCCURRED.

**III.   METHOD OF RESOLUTION**:  Please indicate below how the parties anticipate that this case will be resolved.

☐   Administrative record review:

☐   A party will request discovery.

☐   A party will not request discovery.
**Note:** If no party is requesting discovery, the parties need not complete the **Section VI: Case Progression** portion of this report. Instead, contact the assigned magistrate judge to schedule a conference for entering an administrative review scheduling order.

☐   A dispute exists as to whether and to what extent discovery is needed. The parties need not complete the **Section VI: Case Progression** portion of this report at this time. Instead, contact the assigned magistrate judge to set a case progression conference.

☐   Cross-motions for summary judgment and/or resolution on stipulated facts:

☐   A party will request discovery.

☐   A party will not request discovery. The parties' cross-motions for summary judgment will be filed on or before **Click here to enter a date.**.
**Note:** If no party is requesting discovery, the parties need not complete the **Section VI: Case Progression** portion of this report.

☐ A dispute exists as to whether and to what extent discovery is needed. The parties need not complete the **Section VI: Case Progression** portion of this report at this time. Instead, contact the assigned magistrate judge to set a case progression conference.

☒ Trial**:**

    ☐ No party has timely demanded a jury trial.

    ☐ A party has timely demanded a jury trial and does not anticipate waiving that demand, and the parties agree that all or part of the claims in this case must be tried to a jury.

    ☒ A party has demanded a jury trial, and the parties disagree on whether trial by jury is available for all or part of this case.
A motion to strike the jury demand will be filed no later than: **October 28, 2022**.

    ☐ The party who previously demanded a jury trial now wishes to waive that right. Any other party who will now demand a jury trial will file that demand within 14 days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

**IV. SETTLEMENT:**

Counsel state (mark all boxes that may apply):

☒ To date, there have been no efforts taken to resolve this dispute.

☐ Efforts have been taken to resolve this dispute

    ☐ prior to filing this lawsuit. Explain: _____.

    ☐ after filing this lawsuit, but before the filing of this report. Explain: _____.

☒ Counsel have discussed the court's Mediation Plan and its possible application in this case with their clients and opposing counsel, and:

    ☒ It is agreed:

        ☐ Mediation is appropriate at this time, and pending the outcome of those efforts,

            ☐ case progression should be stayed.

            ☐ case progression should not be stayed.

  ☒ Mediation may be appropriate in the future. Please explain when you believe mediation may be useful: **after discovery is completed.**

  ☐ Mediation will not be appropriate. Explain: _____.

  ☐ Counsel believe that with further efforts in the future, the case can be settled, and they will be prepared to discuss settlement, or again discuss settlement, by **Click here to enter a date.**.

 ☐ At least one party is not interested in exploring options for settling this case.

**V. CONSENT TO FINAL RESOLUTION BY A MAGISTRATE JUDGE**:

As explained more fully in the Civil Case Management Practices, in accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case may voluntarily consent to have a United States Magistrate Judge conduct all further proceedings in the case, including the trial, and order the entry of final judgment. The consent must be unanimous, and any appeal must be taken to the United States Court of Appeals. If the parties do not presently consent, they may do so later. Absent consent, the case will remain with the assigned United States District Judge or, if not previously assigned to a District Judge, it will be randomly assigned to a District Judge.

 ☐ All parties hereby voluntarily consent to have the United States Magistrate Judge conduct all further proceedings in this case including the trial and entry of final judgment.

 ☒ At least one party does not currently consent.

**VI. CASE PROGRESSION:**

 A. Initial mandatory disclosures required by Rule 26(a)(1).

  ☐ Have been completed.

  ☒ Will be completed by **September 23, 2022**.

 B. Motions to amend the pleadings or to add parties.

  ☒ A plaintiff does anticipate a need to amend pleadings or add parties. Motions to amend pleadings or add parties will be filed by Plaintiff(s) on or before **October 14, 2022**.

  ☒ A defendant does anticipate a need to amend pleadings or add parties. Motions to amend pleadings or add parties will be filed by Defendant(s) on or before **October 14, 2022**.

 If more than 90 days are needed, explain why: _____.

C.  Discovery.

1)  As to written discovery under Rules 33, 34, 36, and 45:

   a.  The parties have discussed currently anticipated number of interrogatories, document production requests, and requests for admissions. Based on those discussions:

   ☒  The parties do not anticipate any disputes over the number of discovery requests served.

   ☐  The parties believe a dispute may arise over the number of (mark all boxes that may apply):

   ☐  Interrogatories.
   ☐  Requests for Production.
   ☐  Requests for Admission.

   If the parties anticipate a possible dispute over the number of written discovery requests, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

   b.  Written discovery will be completed[4] by **January 31, 2023**.

2)  As to expert disclosures as required under Rule 26(a)(2):

   ☐  The parties do not anticipate calling experts to testify at trial.

   ☒  The parties anticipate calling experts to testify at trial, and

   a.  Counsel agree to at least **identify** such experts, by name, address, and profession (i.e., without the full reports required by Rule 26(a)(2)), by :[5]

   i. Plaintiff: **February 28, 2023**;
   ii. Defendant: **April 31, 2023**.

   b.  Expert **reports** shall be served by **same dates as VI.C.2.a.**

   c.  Motions to exclude expert testimony on *Daubert* and related grounds will be filed by June 30, 2023.

---

[4] "Completed" means the discovery answers or responses to written discovery have been served. As such, written discovery must be served sufficiently in advance of the discovery completion deadline to afford the responding party the time permitted under the discovery rules to answer or respond.

[5] **Note**:  The parties may choose to eliminate this expert identification step and propose only an expert disclosure deadline. The parties may agree on separate dates for the plaintiff(s) and the defendant(s).

7

3)     As to deposition testimony under Rules 30 and 45:

      a.     The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is _____.

      b.     All depositions

            ☒     will be limited by Rule 30(d)(1).

            ☐     will be limited by Rule 30(d)(1), except as follows: _____.

      c.     All depositions, regardless of whether they are intended to be used at trial, will be completed by **June 30, 2023.**

4)     Protective Order:

    ☒     All parties anticipate that a protective order will be needed to complete the exchange of discovery, and

        ☐     the parties hereby move the court to enter the court's standard protective order (see, Civil Case Management website page,

              ☐     with the court's standard Attorneys' Eyes Only provisions.

              ☐     with the court's standard HIPAA language permitting release of Protected Health Information.

        ☒     the parties hereby move the court to enter the proposed protective order attached to this report.

        ☐     the parties will jointly move, or a party will move for entry of a protective order, emailing a copy of the proposed protective order in Word format to the chambers of the magistrate judge assigned to the case.[6]

    ☐     At least one party believes a protective order will not be necessary in this case.

5)     Work Product and Privileged Information: The parties have reviewed the **Civil Case Management Practices**, including those provisions discussing discovery of **Privileged Information**, and they have

---

[6] If a dispute exists over the need for a protective order, or the content of that order, the parties shall confer in good faith and if they cannot resolve the issue without court intervention, they shall schedule a conference call with the magistrate judge assigned to the case before engaging in written motion practice.

discussed whether certain categories of documents, are presumptively privileged.

- ☒ The parties agree that the following categories of documents are presumptively privileged and need not be listed on a privilege log:

    - ☒ Documents between legal counsel and clients created on or after **July 20, 2020**

    - ☐ Documents maintained by consulting or testifying experts created on or after **Click here to enter a date.**.

    - ☐ The following documents: _____.

- ☐ Counsel have discussed the discovery of privileged information, but they have not agreed on what documents are presumptively privileged.

    If the parties anticipate a possible dispute over Work Product and Privileged Information discovery, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

6) Electronically Stored Information (ESI): The parties have reviewed the Civil Case Management Practices, including those provisions discussing discovery of ESI and,

    - ☒ the parties do not anticipate a dispute over preservation, scope, and production of ESI.

    - ☐ the parties anticipate a dispute regarding the preservation, scope, and production of ESI.

    If the parties anticipate a possible dispute over ESI, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

7) Other special discovery provisions agreed to by the parties include: _____.

D. Dispositive Motions.

- ☐ The parties do not anticipate filing motions to dismiss, for judgment on the pleadings, or for summary judgment as to any claims and/or defenses.

- ☒ A party anticipates filing a motion to dismiss, and/or for judgment on the pleadings, and/or or for summary judgment

9

       a.    as to the following claims and/or defenses:[7]
            Plaintiff:
            **Defendant: all of the remaining claims.**

       b.    such motions to be filed on or before **October 31, 2023**.

E.    Other matters to which the parties stipulate and/or which the court should know or consider: **None**.

F.    This case will be ready for trial before the court by: **January of 2024**.

G.    The estimated length of trial is **8 - 12 days**.

**VII.    CONFERENCING WITH THE COURT**:

A.    Initial Case Conference:

☐    At least one party requests a conference with the court before the court enters a final case progression order for this lawsuit.

☒    All parties agree that the court may enter a final case progression order for this lawsuit without first conferring with the parties.

B.    Interim Status Conference:

☐    At least one party believes a court conference with the parties may be helpful (e.g., to assist with averting or resolving a dispute over written discovery, ESI, or privilege/work product discovery; following service of mandatory disclosures; after completing written discovery, etc.), and requests a conference be set in: (month/year).

☒    The parties do not currently anticipate that a court conference will assist with case progression, and they will contact the assigned magistrate judge to schedule a conference if a problem arises.

**Reminder:**    **By signing this document, counsel and any self-represented parties acknowledge that they have reviewed the Civil Case Management Practices, including those provisions discussing discovery of Electronically Stored Information and Privileged Information**.

Dated: **August 8, 2022.**

/s/ Karen Truszkowski                  /s/ Lily Amare
Plaintiff's Counsel                              Defendants' Counsel

---

[7] As to forfeiture actions, dispositive motions on any "claims and/or defenses" include any motions to suppress.

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 8, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties who have entered an appearance in this case.

                                            /s/ Lily Amare
                                            Lily Amare

(Rev. 6/11/2020)

4874-7841-0285, v. 1