IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE 1, and JANE DOE 2,<br><br>Plaintiffs,<br><br>vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA,<br><br>Defendant. | 4:20CV3081<br><br><br>**ORDER** |

This matter is before the Court on Defendant's Motion to Strike Jury Demand. (Filing No. 77.) For the reasons explained below, the motion will be granted.

## DISCUSSION

The only claims remaining in this action are Plaintiff Jane Doe 1 and Jane Doe 2's claims against the Board of Regents of the University of Nebraska ("Defendant") alleging Defendant violated Title IX. Defendant now requests that Plaintiffs' jury demand be stricken. Defendant argues Plaintiffs do not have a constitutional or statutory right to a jury trial on the Title IX claim because Defendant, a state agency, enjoys sovereign immunity from a jury trial.

"In determining whether a plaintiff is entitled to a jury trial, the point of departure is the statute itself." *Panazides v. Virginia Bd. of Education*, 13 F.3d 823, 827 (4th Cir. 1994) (citing *Tull v. United States*, 481 U.S. 412, 407 n.3 (1987). "If the statute in question expressly provides for a jury trial, that is the end of the matter." *Id*. However, "[i]f the statute is silent on the issue of jury trial, then it is necessary to inquire whether a jury trial is constitutionally required under the Seventh Amendment." *Id*. There is no express statutory right to a jury trial in a Title IX

action, thus the Court turns to the constitutional question of whether a jury trial is required under the Seventh Amendment.

Under the Seventh Amendment, "[i]n [s]uits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII. "[T]he thrust of the [Seventh] Amendment was to preserve the right to jury trial as it existed in 1791," and it "applies to actions brought to enforce statutory rights that are analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty." Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41-42 (1989).

The Supreme Court has established a two-part test to ascertain whether the Seventh Amendment is applicable to a particular cause of action. Tull v. United States, 481 U.S. 412, 417 (1987). "First, the court must compare the statutory action to an '18th century action brought in the courts of England prior to the merger of the courts of law and equity' in order to determine whether similar cases were brought before a jury." Doe v. Bd. of Regents of the Univ. of Neb., No. 21CV3049, 2023 WL 2351687, at *2 (D. Neb. Mar. 3, 2023) (quoting Tull, 481 U.S. at 417-18)). "If it is a type of action analogous to a suit customarily brought in the English law court, the court must next determine whether the remedy sought is legal or equitable in nature." Id. "If the remedy sought is legal in nature, then the Seventh Amendment provides a right to a jury trial." Id.

Plaintiffs' cause of action against Defendant under Title IX is not analogous to a cause of action that could have been customarily brought in the English law court. When the Seventh Amendment was adopted, there was no action equivalent to a Title IX claim against state entities. Abdulsalam v. Board of Regents of the University of Nebraska, No. 4:22CV3004, 2023 WL 2374460, at *2 (D. Neb. Mar. 6, 2023). "At common law no action for damages lay against public officials acting in their official capacities as agents of the sovereign." Id. (quotation omitted). "Since there was no common law right to sue the political subdivisions of the State of Nebraska, there was no Seventh Amendment right to a jury trial." Id. (quotation omitted). See also Jacobson v. Shresta, 288 Neb. 615, 624, 849 N.W.2d 515, 521 (2014) ("In 1875, there was no right to a jury trial on any issue in a suit against the State or its political subdivisions because

2

the common-law doctrine of sovereign immunity, and the related common-law doctrine of governmental immunity, operated to bar such suits at that time.") Therefore, there is no Seventh Amendment right to a jury trial in this case.

Plaintiffs argue that Defendant waived sovereign immunity by accepting federal funds pursuant to Title IX. Plaintiffs contend that this waiver extends to all constitutional rights, including the right to a jury trial. Under 42 U.S.C. § 2000d-7, a State is not immune under the Eleventh Amendment from suit in federal court "for a violation of section 504 of the Rehabilitation Act of 1973, title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975, title VI of the Civil Rights Act of 1964, or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance." 42 U.S.C. § 2000d-7. However, when a State has sovereign immunity, "the plaintiff has a right to a trial by jury only where that right is one of the terms of the [State's] consent to be sued, which term, like the waiver of immunity itself, must be unequivocally expressed." *Jacobson*, 288 Neb. at 624, 849 N.W.2d at 522 (quotation omitted). See also *Burke v. Bd. of Trustees of Nebraska State Colleges*, 302 Neb. 494, 502, 924 N.W.2d 304, 311 (2019) ("A waiver of sovereign immunity is found only where stated by the most express language of a statute or by such overwhelming implication from the text as will allow no other reasonable construction."); *Lehman v. Nakshian,* 453 U.S. 156, 161 (1981) ("When Congress has waived the sovereign immunity of the United States, it has almost always conditioned that waiver upon a plaintiff's relinquishing any claim to a jury trial."). The language of Title IX or 42 U.S.C. § 2000d-7 does not explicitly contain a waiver of sovereign immunity that extends to a jury trial. Because there has been no unequivocal waiver of immunity as it relates to a jury trial, the Motion to Strike will be granted.

**IT IS ORDERED** that Defendant's Motion to Strike Jury Demand (Filing No. 77) is granted.

Dated this 18th day of May, 2023.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

3