IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE 1 and JANE DOE 2, | Case No. 4:20-cv-03081 |
| Plaintiffs, | |
| v. | |
| | **MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO EXTEND RESPONSE DEADLINE** |
| BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA, | |
| Defendant. | |

COME NOW the Plaintiffs by and through their undersigned counsel and respectfully submit this Memorandum in Support of their Unopposed Motion to Extend Response Deadline. For the reasons set forth below, Plaintiffs respectfully request that the deadline to file responses to Defendant's motions for summary judgment and  be extended from September 3, 2024, to October 18, 2024.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant filed an Unopposed Motion for Extension of Dispositive Motion Deadline on July 7, 2024 (ECF No. 114), which this Court granted (ECF No. 115). Counsel for Plaintiffs then consulted with Counsel for Defendants as the Court's order did not commensurately extend Counsel for Plaintiffs' deadlines from the dates set in the Sixth Amended Final Progression Order (ECF No. 108).[1] Per that order, both the motions and the responses were due on September 3,

---

[1] *See* Exhibit 1, email exchange between counsel.

1

2024. Counsel for Defendant consented to the extension. Plaintiffs then filed an Unopposed Motion for Extension of Responsive Motion Deadline (ECF No. 116). This Court denied that Motion as moot and ordered that responses and/or replies be filed in accordance with the local rules (ECF No. 117). Plaintiffs renew their request citing the below reasons in support.

## **LAW AND ARGUMENT**

Federal Rule of Civil Procedure 6 provides: "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6. "'The primary measure of good cause is the movant's diligence' in attempting to meet deadlines. *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006) (considering motion to amend pleadings under Rule 16(b))." *Albright v. Mountain Home Sch. Dist.*, 926 F.3d 942 (8th Cir. 2019). For the following reasons, there is good cause to extend the response deadlines.

### I. Timelines in Sixth Amended Final Progression Order

The Sixth Amended Final Progression Order extended the response deadlines beyond the deadlines outlined in the local rules. ECF No. 108. The Sixth Amended Final Progression Order provided the following timelines:

> 2) The deadline for filing motions to exclude testimony on Daubert and related grounds is September 3, 2024.
>
> 3) The deadline for filing motions to dismiss and motions for summary judgment is August 1, 2024. The deadline for filing a Brief in Opposition to a dispositive motion is September 3, 2024.

*Id.* Therefore, the schedule was as follows:

- August 1, 2024: deadline to file motions to dismiss and motions for summary judgment

2

- September 3, 2024: deadline to file briefs in opposition to dispositive motions

- September 3, 2024: deadline to file motions to exclude testimony on Daubert and related grounds

- September 17, 2024: deadline to file responses to motions to exclude testimony on Daubert and related grounds[2]

Now, the schedule is as follows:

- September 3, 2024: deadline to file motions to dismiss, motions for summary judgment, and, motions to exclude testimony on Daubert and related grounds

- September 17, 2024: deadline to file responses to motions to exclude testimony on Daubert and related grounds[3]

- September 24, 2024: deadline to file responses to motions to dismiss and motions for summary judgment

At a minimum, this Court should extend the deadline to file responses to dispositive motions to October 6, 2024, which is 33 days after the deadline to file dispositive motions, commensurate with the schedule outlined in the Sixth Amended Final Progression Order. However, there is good cause to extend the deadline further, as detailed below.

## II.   All Responses Are Now Due on the Same Date

Per the Sixth Amended Final Scheduling Order, there was a bifurcated schedule for filing dispositive motions and discovery motions, allowing counsel the opportunity to focus on responding to one set of motions between August 1 and September 3, 2024, before focusing on the next set of motions between September 3 and 17, 2024.  Now, all motions are to be filed on

---

[2] Neb. R. Civ. P. 7.1(b)(1)(B).
[3] *Id*.

the same date, meaning that counsel must prepare responses to all motions between September 3 and 24, 2024. This places an undue burden on responding parties who must focus on responding to two sets of motions simultaneously. For that reason, additional time should be provided to ensure that parties are not prejudiced by the abbreviated schedule.

### III.    Counsel for Plaintiffs' Schedule

Counsel for Plaintiffs agreed to adjourn the August 1, 2024, dispositive motion deadline for two reasons. First, Counsel for Plaintiffs understands that Counsel for Defendants have faced significant obstacles including health issues and deaths in the family over the course of the last few months. Second, Counsel for Plaintiffs believed that this Court would, at a minimum, extend the dispositive motion response deadline to October 6, 2024, commensurate with the Sixth Amended Final Progression Order. Had Counsel for Plaintiffs known that the Court would not do that, Counsel for Plaintiffs would not have agreed to the adjournment because Counsel for Plaintiffs' schedule would not have allowed it.

The month of September is the busiest of all year for Counsel for Plaintiffs, whose law firm is entirely focused on representing students and educators. Additionally, Counsel for Plaintiffs already have a number of obligations in the month of September, including a four-day special education due process hearing, an annual conference, and multiple depositions and mediations in other matters. Had Counsel for Plaintiffs known that their timeline to respond to dispositive motions would shrink to 21 days from 33 days, they would have objected to the extension because they would have known that they could not effectively advocate for Plaintiffs on that timeline during that particular month, which would have been a violation of their ethical duty to Plaintiffs.

4

Even if this Court extends the deadline to October 6, 2024, Plaintiffs will need an additional extension given the timing of the deadline. Counsel for Plaintiffs represents the plaintiff in *Doe v. The University of Virginia et al.*, Case No. 3:23-cv-00018, filed in the U.S. District Court for the Western District of Virginia. Trial is set in that matter on December 9-11, 2024.[4] Pursuant to that court's scheduling order, dispositive motions must be filed 75 days before trial.[5] Pursuant to that court's local civil rules, responsive briefs are due 14 days after motions are served.[6] That court provides no additional time to respond to dispositive motions. Therefore, Counsel for Plaintiff expects both dispositive and discovery motions in that matter to be served on September 25, 2024, and will need to prepare and serve all responses by October 9, 2024.

Counsel for Plaintiffs understands that Counsel for Defendants intend to file separate motions for summary judgment for each plaintiff in this matter and expects Counsel for Defendant to file motions in limine related to both experts Plaintiffs have disclosed. This would put Counsel for Plaintiffs in the position of having to respond to three dispositive motions and three discovery motions between September 3, 2024, and October 9, 2024. In Counsel for Plaintiffs' experience, motions for summary judgment are lengthy and often include hundreds of pages of evidence. Even if Counsel for Plaintiffs were to set aside everything else for that period, which they cannot do given that it is their law firm's busiest month, Counsel for Plaintiffs would still not have sufficient time to adequately complete the necessary work and represent not only Jane Does 1 and 2 but also the plaintiff in *Doe v. UVA* adequately on the current schedule.

Therefore, Counsel for Plaintiffs need additional time to ensure they are able to sufficiently and competently prepare responses to these multiple motions. Counsel for Plaintiff reached out

---

[4] *See* Exhibit 2.
[5] *See* Exhibit 3.
[6] *See* W.D. Va. Civ. R. 11(c)(1), available online at
https://www.vawd.uscourts.gov/sites/Public/assets/File/court/local_rules.pdf.

to opposing counsel on July 26, 2024, and they are unopposed to said extension; in fact, Attorney Amare apologized for not including the request in her Motion.[7] Counsel for Plaintiffs has agreed to numerous extension requests from Counsel for Defendant, all of which have been granted by this Court.

## CONCLUSION

Counsel for Plaintiffs are working diligently to comply with all Court deadlines. The extension of time requested will not cause any undue hardship or prejudice to any party. Failure to grant this motion will cause prejudice to Plaintiffs and will likely have a general chilling effect on attorneys' willingness to agree to each other's reasonable extension requests.

WHEREFORE, Plaintiffs respectfully request that this Court extend the deadline to file responses to dispositive motions to October 18, 2024.

Respectfully Submitted,

*/s/ Elizabeth K. Abdnour*
Elizabeth K. Abdnour
Megan N. Mitchell
Abdnour Weiker, LLP
Attorney for Plaintiffs
500 E. Michigan Ave., Ste. 130
Lansing, MI 48912
P: (517) 994-1776
F: (614) 417-5081
liz@education-rights.com
megan@education-rights.com

---

[7] *See* Exhibit 1.

6

**CERTIFICATE OF COMPLIANCE**

I hereby affirm that this Brief complies with the word limits outlined in Neb. Civ. R. 7.1(d)(1). I certify that the word count function of Microsoft Word for Mac Version 16.87 was applied to include all text, including the caption, headings, footnotes, and quotations, for a total of 1613 words.

*s/Elizabeth K. Abdnour*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties.

*s/Elizabeth K. Abdnour*