IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE 1 and JANE DOE 2,<br><br>Plaintiffs,<br><br>vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA,<br><br>Defendant. | Case No. 4:20-cv-03081<br><br><br>**JOINT MOTION<br>FOR EXTENSION OF DEADLINES** |

COME NOW Plaintiffs and Defendant (collectively, the "Parties") by and through their undersigned counsel, and respectfully request that the following deadlines and trial of this matter be extended as follows:

1. In this case, there are two Plaintiffs, each with a Title IX, deliberate indifference claim, remaining. Each of the Plaintiffs present their own distinct and unique facts. In the course of discovery, the Parties have exchanged approximately 12,000 pages of documents, along with multiple audio recordings and hours of transcribed content. As a result, the case presents a substantial and complex evidentiary record that requires significant and additional time for proper review and preparation for purposes of trial.

2. On or about September 3, 2024, Defendant filed a Motion for Summary Judgment and Motion to Exclude Expert Testimony (Daubert), (collectively, "Motions"). Plaintiffs opposed these Motions. BRUN set forth approximately 355 paragraphs of material facts and Plaintiffs have set forth 167 paragraphs of additional material facts. The Motions themselves involve number of legal issues and rely upon evidentiary records of approximately 140 documents, including audio recordings with extensive transcriptions. Given the complexity and volume of the evidentiary and factual record, it will likely require more time to resolve the pending Motions.

3. Briefings on the pending Motions closed on January 6, 2025. The Motions remain pending before the Court and are critical to determining the scope of the case and the issues to be addressed at trial, if any.

4. Furthermore, the Parties desire to avoid incurring expenses related to expert testimony, travel, and trial costs associated with preparation for trial until the dispositive motions and Daubert motions are decided. Moving forward with such preparations while these critical motions are unresolved would result in unnecessary expenditures that may ultimately prove to be premature and inefficient should the Motions result in dismissal of the entire case or a narrowing of the issues.

5. In light of the complex nature of the case, the volume of evidence, and the unresolved Motions, and the desire to avoid expenses associated with preparing for a pre-trial conference and non-jury trial [See Doc. No. 85] while dispositive motions are pending, the Parties respectfully request the following:

   A. Extension of the deadline to email the proposed pretrial conference order from March 14, 2025, to August 21, 2025.

   B. Extension of the deadline to file motions in limine and motions for pretrial evidentiary hearings from March 17, 2025, to August 29, 2025.

   C. Extension of the date for the Pretrial Conference from March 21, 2025, to a date no sooner than August 29, 2025.

   D. Extension of the deadlines to file trial briefs and submit exhibit lists to correspond with the new trial date, in accordance with local rules and civil non-jury trials before The Honorable Robert F. Rossiter, Jr.

   E. That trial be extended from April 14, 2025, to a date no sooner than September 26, 2025.

6.     The requested extensions are necessary to allow the Parties adequate time for trial preparation and would permit the Parties to avoid expending additional resources and expenses while the Motions are pending. The large volume of documents, along with the audio records and transcriptions, requires substantial time to review, organize, and prepare for trial. The complexity of the case, coupled with the unresolved dispositive motions, makes it difficult to proceed with trial preparation under the current deadlines. These extensions would allow the Parties to prepare thoroughly and avoid undue prejudice.

WHEREFORE, Plaintiffs and Defendant respectfully request that this Court extend the above-referenced deadlines, pretrial conference and trial as outlined herein.

DATED this 20th day of February, 2025.

JANE DOE 1 AND JANE DOE 2, Plaintiffs

By:   /s/ Elizabeth K. Abdnour
Elizabeth K. Abdnour
0081795 (OH), P78203 (MI)
Megan N. Mitchell
2102019 (AK), 53803 (CO), P87312 (MI)
ABDNOUR WEIKER, LLP
325 E. Grand River Ave., Ste. 250
East Lansing, MI 48823
(517) 994-1776
liz@education-rights.com
megan@education-rights.com

BOARD OF REGENTS OF THE
UNIVERSITY OF NEBRASKA, Defendant

By:   /s/ Lily Amare
Susan K. Sapp #19121
Lily Amare #25735
Cline Williams Wright
 Johnson & Oldfather, L.L.P.
1900 U.S. Bank Building
233 South 13th Street
Lincoln, NE 68508
(402) 474-6900
ssapp@clinewilliams.com
lamare@clinewilliams.com

AND

3

>Bren H. Chambers, #23150
>Deputy General Counsel
>University of Nebraska
>3835 Holdrege Street
>Lincoln, NE 68583-0745
>(402) 472-1201
>bchambers@nebraska.edu

## CERTIFICATE OF SERVICE

    I hereby certify that on February 20, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties.

>/s/ Lily Amare
>Lily Amare

4909-4230-1214, v. 1